IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIS FRANKLIN HITCHENS ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. |
| ) | |
| PLUMBERS AND PIPEFITTERS ) | |
| LOCAL UNION NO. 74 ) | |
| PENSION FUND ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### THE PARTIES

1. The Plaintiff, Willis F. Hitchens is a resident of the State of Delaware, County of New Castle.

2. At all relevant times the Plaintiff, Willis F. Hitchens, ("Hitchens") has been a participant in an Employee Benefit Plan as defined by ERISA §3(7), 29 U.S.C. §1002(7).

3. The Plan is an employee pension benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(2), 29 U.S.C. § 3. 1002(2) and a "multiemployer plan" as defined in ERISA § 3(37), 29 U.S.C. § 1002(37). The Plumbers and Pipefitters Local Union No. 74 Pension Plan (hereafter the "Plan") provides pension benefits to retirees who were employed

under collective bargaining agreements with Plumbers and Pipefitters Local Union No. 74 and meet the Plan's eligibility criteria for benefits.

4. The Board is the Plan Administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). The Board consists of an equal number of Trustees appointed by , Plumbers and Pipefitters Local Union No. 74 Pension Fund ("Employer Trustees").

5. Plaintiff's date of birth is November 14, 1962.

## JURISDICTION

6. Plaintiff brings this action for monetary and equitable relief pursuant to §§ 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

7. The venue lies in the District of Delaware pursuant to ERISA §502(e)(20, 29 U.S.C §1132(e)(2) because the defendant, Plumbers and Pipefitters Local Union No. 74 Pension Fund is administered the Plan, the breach occurred in this District and the Plan and the Defendant Board of Trustees may be found in this District.

## FACTUAL

8. On April 30, 2019 the Plaintiff applied for the Retirement Pension. On May 21, 2019 the defendant executed a document which appeared, at least in part, approve his application.

9. Nevertheless, on July 29, 2019 the defendant "suspended" the Plaintiff's pension payments because the application indicated that he would work after retired doing plumbing and pipefitting as a result of which the Union concluded that he was working in "Disqualifying Employment".

10. Such letter of July 29, 2019 stated that the suspension of pension benefits was to be treated as a denial.

11. The application submitted by the Plaintiff specifically stated, regarding the working after his retirement was that "if I do, it will not be Mech. Pipefitting. Plumbing."

12. On November 1, 2019 counsel for Mr. Hitchens wrote to the Defendant and explained that its denial letter alleging that the Plaintiff had "…indicated that (he) will be doing plumbing and pipefitting work." was erroneous and misrepresented what was in his application. Not having received a response to counsel's letter of November 1, 2019, Plaintiff's counsel wrote to the Defendant on February 7, 2020 explaining that the failure to respond, i.e.

communicate was not appropriate and contrary to the law, as well as seeking to resolve any differences with amicable manner.

13. On February 14, 2020 the attorney representing the Defendant responded "§7.01(e) and language" and concluded that the Plaintiff's new employment with Delaware City Refinery was a "…business entity whose business performs subcontracted work in the Plumbing and Pipefitting Industry." and such Disqualifies the Plaintiff from receiving benefits.

14. The letter from Defendants counsel of February 14, 2020 informed Mr. Hitchens that he had "exhausted the remedies under the Plan.", there are no further appeal procedures and that he could file suit in the Federal Court pursuant to 29 U.S.C §1132(a).

15. Eventually the Plaintiff was hired as a Supervisor for the maintenance department of the Delaware City Refinery.

16. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to work with other work groups in the Refinery to ensure safe and efficient work tasks activities. Work with other trades included but not limited to carpeting, operating engineers, electricians, painters and laborers.

17. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to record and report the execution of maintenance work of multi-craft workers accordingly to establish plans and schedules.

18. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to attend weekly and daily scheduling meetings to ensure all issues are communicated for overall maintenance efficiency to various crafts.

19. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to assure that resources such as materials, tools and equipment are available to allow for completion of assigned work to the various crafts.

20. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to Lead safety discussions and demonstrate leadership behavior that reinforces company safety policies.

21. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to support and work with planners to maximize the value of the planning and scheduling process.

22. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to report all contractor activity to the Area Business Team and maintenance management as required.

23. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to respond to Plant related emergencies.

24. In the position of a Supervisor for maintenance for Delaware City Refinery, Hitchens was to responsible for making required man power resources available so that work is timely executed in the order as planned.

25. In the position of Supervisor for maintenance for Delaware City Refinery, Hitchens was to ensure that work plan followed or negotiate agreed upon or any alternative courses of action with maintenance planner.

26. In the position of Supervisor for maintenance for Delaware City Refinery, Hitchens was to be responsible for employee safety and productivity.

27. In the position of Supervisor for maintenance for Delaware City Refinery, Hitchens was to control costs associated with crafts works.

28. In the position of Supervisor for maintenance for Delaware City Refinery, Hitchens was to handle all administrative and personal issues in a timely manner.

29. Within the various job requirements listed in ¶¶16-28, Hitchens did not work with any tools nor assist with any work in the field or in any shops for any t of the trades he supervised, especially in the field of plumbing and/or pipefitting..

30. July 29, 2019 the Plan suspended the Pension payments on the erroneous claim that his application indicated that he would work after retirement doing plumbing and pipefitting which the Plan concluded that he was working at a "disqualifying employment"

31. The letter of July 29, 2019 from the Plan stated that the suspension of Pension Benefits was to be treated as denial.

32. The Pension Plan defined a "disqualifying position" as employment where

a Union member whose business performed work among other aspects in the plumbing and pipefitting industry.

33. Hitchens employer, Delaware City Refinery is in the business of refining crude oil products.

34. In addition the provisions of the Plan defined a "disqualifying position" as one with an employer who comes under the work jurisdiction of "Plumbers and Pipefitters Local Union No. 74".

35. Delaware City Refinery Company is not a part of the plumbing and pipefitting industry and does not utilize or employ Union members.

36. The Plan further defines a disqualifying position as "…if the employer, in any manner, directly or indirectly, engages in or contracts for the supervision of work in the plumbing and pipefitting industry.

37. Delaware City Refinery does not perform work in the pipefitting or plumbing industry.

38. Delaware City Refinery does not supervise in the manner in which work for which it contracts with independent contractors whose employee Union members perform work in the contracted for work or industry.

39. Delaware City Refinery schedules plumbing and pipefitting work to be done with contractors for whom it contracts.

40. Delaware City Refinery does not instruct employees of hired independent

contractors on the manner of accomplishing the contracted for work.

41. Delaware City Refinery only supervises the work to make sure it is completely completed in a timely manner, not the manner in which it is completed, pursuant to contracts with the independent contractors.

42. On November 1, 2019 Hitchens counsel wrote to the Plan informing them that their statement in the Plans July 29, 2019 letter stating that Hitchens would be working in the plumbing and pipefitting industry was inapposite to what was contained in Hitchens application which stated directly that he would not be working in the plumbing and pipefitting industry.

43. The Counsel for Hitchens did not receive a response from the Plan to his letter of November 1, 2019 and as a result again wrote to the Plan on December 7, 2019 explaining that the failure to communicate was inappropriate and contrary to ERISA law.

44. On February 14, 2020 the counsel representing the Plan responded to Hitchens Counsel's letter of November 1, 2019 indicating the Plan had considered Hitchens appeal and upheld the initial decision to suspend his pension because he engaged in Disqualifying Employment.

45. The Plan counsel's letter of February 14, 2020 indicating that the Plan had upheld the initial decision indicated that Hitchens had been employed by one of

several plumbing and pipefitting contracting firms that performed work at the Refinery.

46. The Plan's counsel's letter of February 14, 2020 concluded that because Hitchens worked for an employer who did work at the Refinery that the Refinery itself was a business entity whose business performed subcontracted work in the plumbing and pipefitting industry.

47. The Plan's counsel's letter of February 14, 2020 provided no evidence that Delaware Refinery was a separate business entity which itself performed plumbing and pipefitting industry work as opposed to contracting for such work to be performed by separate independent contractors.

48. Delaware City Refinery, as a business entity does not perform work in the plumbing and pipefitting industry.

49. The February 14, 2020 correspondence from the Plan's counsel concluded, in response to Hitchens appeal, that Hitchens was "working in a Disqualifying Employment—work in the plumbing and pipefitting industry for an employer who contracts for plumbing and pipefitting work".

50. An employer which contracts for independent contractors to perform plumbing or pipefitting work is not performing "Disqualifying Employment".

51. The Plan's counsel concluded the February 14, 2019 letter was "a final determination on appeal", and that Hitchens had "exhausted his remedies under the Plan", and that the Plan had no further or voluntary appeal procedures".

52. The Plan's final determination letter, of February 14, 2020, did not "set forth any plan imposed time limit for seeking judicial review."

53. The letter from the Plan's counsel indicated that if Hitchens disagreed with the Trustees' decision he may file suit in Federal Court under 29 U.S.C §1132(a).

WHEREFORE, Plaintiff prays that the Court grants the following relief:

(a) Declare that the Defendant has violated the terms of the Plan by failing to pay Plaintiff his early Pension Benefits from April 30, 2019 forward or alternatively from July 29, 2019 forward;

(b) Order Defendant to pay early Plaintiff his early Pension Benefits April 30, 2019 forward or alternatively from July 29, 2019 through the date of Judgement is entered here in, together with prejudgment interest on each and every monthly payment through the date judgement was entered herein;

(c) Declare Plaintiff the right to receive future early Pension benefit payments.

(d) Award Plaintiff reasonable attorney's fees and costs of suit incurred here and pursuant to ERISA §502, 29 U.S.C. §1132(g);

  (e) Provide such other and further relief as this Court deems equitable and just.

          Respectfully submitted,

          */s/ Gary W. Aber*

          GARY W. ABER (DSB#754)
          704 N. King Street, Suite 200
          P.O. Box 1675
          Wilmington, DE  19899
          (302) 658-1902
          Attorney for Plaintiff

Dated: September 10, 2020